**STATE ex rel. McGOWAN, Relator, v. BOARD OF ELECTIONS OF SUMMIT COUNTY et, Respondents.**

Ohio Appeals, Ninth District, Summit County.

No. 4291. Decided April 8, 1952.

Paul C. Laybourne, Akron, for relator.

Alva J. Russell, Pros. Atty., W. A. Spencer, R. E. Mohler, Asst. Pros. Attys., Akron, for respondents.

(SKEEL, PJ, HURD, J, THOMPSON, J, of the Eighth District sitting by designation in the Ninth District.)

## OPINION

By SKEEL, PJ.:

The cause came on to be heard as an original action in mandamus seeking an order of this court to direct the defendants constituting the Board of Elections of Summit County, Ohio, to place the name of the relator on the ballot of the Democratic Party as a candidate at the primary election to be held May 6, 1952 for Congress from the 14th Congressional District of Ohio and also, to place the name of relator on the ballot of the Democratic Party as a candidate at said primary election for the office of State Central Committee Woman for the 14th Congressional District of Ohio.

The relator alleges that she is a member of the Democratic Party, an elector having her voting residence in Akron, Ohio which is within the 14th Congressional District of Ohio. She further alleges that she registered as a qualified elector with the Board of Elections of Summit County, October 2, 1930. She further alleges that she filed her Declaration of Candidacy and petition for Candidate and paid the required fee as a candidate for nomination by the Democratic Party for the office of Congressman for the 14th Congressional District of Ohio and that she also took all procedural steps necessary to file as a candidate for State Central Committee Woman of the Democratic Party for said 14th Congressional District.

The petition further alleges that on February 16, 1952 a protest was filed against said candidacies, charging that she was not an elector of Summit County or the 14th Congressional District which protest was based on the claim that Mary E. McGowan misstated her place of birth in her sworn application for registration.

The petition then alleges that there was a hearing on said protest before the Board of Elections prior to March 4, 1952 at which time certain evidence was presented in support of the claim that Mary E. McGowan was born in Ireland, although the registration card indicated that she was a native-born citizen, her place of birth being listed as Akron, Ohio.

The relator testified before the Board as alleged by her petition that to the best of her knowledge and belief, she was born in Akron which testimony was supported by other witnesses. She also introduced evidence that her father entered the United States from Ireland May 29, 1884 and on November 8, 1890 he filed a declaration of intention to become a citizen and by an order of the Probate Court of Summit County on November 8, 1892 became a citizen of the United States. The date of birth of the relator was shown by the evidence to be May 25, 1885.

The answer of the respondents admits the cancellation of relator's registration as an elector of Summit County after hearing on a protest filed against her candidacies in the Democratic Party primary to be held May 6, 1952 for the offices of Congressman from the 14th Congressional District of Ohio and as Central Committee Woman of the Democratic Party from said 14th District and the refusal of the respondents as the Board of Elections of Summit County to accept the relator's Declaration of Candidacy and Petition for Candidate for the offices above referred to. The other material allegations of the petition were denied by the answer.

Upon hearing the Board of Elections by resolution determined that:

"On motion of Walter Scheu and seconded by E. E. Leonard, it was unanimously resolved by the Board after hearing evidences and arguments of counsel on the protest of S. S. Phillips against the Candidacy of Mary E. McGowan who filed Declaration of Candidacy and Petition for the Democratic Nomination as a member of State Central Committee of the 14th Congressional District of Ohio that:

"1. False statements as to material matter, namely, as to her place of birth and nativity were made by said candidate in her registration form with knowledge of their falsity and that by reason thereof she was not registered as provided by law and that she has not complied with the law relating to Primary elections;

"2. That said candidate is not an elector of the 14th Congressional District of Ohio;

"3. That the Declaration of Candidacy and Petition of said candidate are determined to be invalid and are hereby re-

jected and the protest of S. S. Phillips is hereby sustained;

"4. And that the name of Mary E. McGowan, Democratic Candidate for the office of Member of State Central Committee is ordered not to appear on the Democratic Primary Ballots, May 6, 1952, and she be notified by letter of this action. Motion carried, all voting aye."

"On Motion of Walter Scheu and seconded by E. E. Leonard it was unanimously resolved by the Board after hearing evidences and arguments of counsel on the protest of S. S. Phillips against the Candidacy of Mary E. McGowan who filed Declaration of Candidacy and Petition for the Democratic nomination to the office of Congress of the 14th Congressional District of Ohio that:

"1. False statements as to material matter, namely, as to her place of birth and nativity were made by said candidate in her registration form with knowledge of their falsity and that by reason thereof she was not registered as provided by law and that she has not complied with the law relating to Primary elections;

"2. That said candidate is not an elector of the 14th Congressional District of Ohio;

"3. That the Declaration of Candidacy and Petition of said candidate are determined to be invalid and are hereby rejected and the protest of S. S. Phillips is hereby sustained.

"4. And that the name of Mary E. McGowan, Democratic Candidate for the office of Congress of the 14th Congressional District of Ohio is ordered not to appear on the Democratic Primary Ballots, May 6, 1952 and she be notified by letter of this action. Motion carried, all voting aye."

The evidence presented in this proceeding was by stipulation the transcript and exhibits as presented before the respondents upon the hearing of the protest. The evidence was directed to the question of whether or not the relator was born in Akron or Ireland and as to the relator's father becoming a naturalized citizen at a time when relator was under twenty-one years of age.

As to the first question, the evidence is in dispute, but there is no credible evidence which challenges the relator's claim that her father was naturalized in 1892 when she was seven years of age. This fact being true, then she was a citizen of the United States from the date of her father's naturalization under the statutes of the United States.

It therefore becomes a question of law as to whether or not the answers contained in the relator's application for registration that she was born in Akron and was native born are material as affecting her right to exercise the privilege of franchise.

The duty of the Election Board is to see to it that only those who are privileged by law to vote are permitted to exercise that sovereign right. It is equally their duty not to deprive one who is by the constitution and laws of the United States and State of Ohio an elector of the right to vote or run for public office.

There is no evidence in this record that even attempts to show that Mary McGowan wilfully or corruptly made a misstatement of fact in her application to register as an elector in 1930. The Board in 1950 in considering the legality of relator's registration found in her favor on exactly the same question as is here presented. If the issue of the legality of the relator's registration as an elector had been tried before a court of law, a judgment entered upon trial upon the issues legally presented would have settled the question for all time and there could not be a subsequent proceeding in which the same issues could be retried. It would seem that where the Board of Elections by law is granted quasi judicial powers and in a proper proceeding in the exercise of such powers enters a finding after trial, the statute providing that in such matters "its determination shall be final" such finding should end the Board's right to retry the same question.

In any event, if the answers which the Board now holds to be inaccurate and for which the relator's registration as an elector was cancelled were the only basis upon which her right to be an elector could be based, then this Court could not in any way alter the finding of the Board, but where upon the face of the record the right of the relator to be an elector is shown without dispute, the fact that she may have been inaccurate in the statement of the facts upon which such right was based in her application for registration is not a sufficient cause upon which to deprive her of her rights of citizenship. Upon the face of the record as a matter of law, the relator is entitled to the writ as prayed for directing the Board of Elections to vacate the cancellation of her registration under the election laws of Ohio and to placing her name on the ballot of the Democratic Party as a candidate for Congress of the 14th Congressional District of Ohio at the primary election to be held May 6th, 1952 and also, as a candidate for State Central Committee Woman of the Democratic Party from the 14th Congressional District of Ohio.

Exceptions noted.

HURD, J, THOMPSON, J, concur.